UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                            No. 2:22-CV-2063

$34,918 UNITED STATES CURRENCY                                                          DEFENDANT

## OPINION AND ORDER

Before the Court is the Government's motion to compel claimant Christopher Hester to provide a more definite answer and brief in support (Doc. 16).  The deadline for Mr. Hester to respond has passed, with no response having been filed.  For the reasons given below, the Government's motion will be GRANTED.

The Government initiated this action on April 19, 2022, filing a complaint (Doc. 2) for forfeiture *in rem*.  The complaint alleges that $34,918 in United States currency was seized from Antonio Burris and Mr. Hester during a November 2, 2021 traffic stop conducted by Arkansas State Police Corporal Bernard Pettit, and that this property is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it was used or intended to be used to facilitate a violation of the Controlled Substances Act, or otherwise constitutes proceeds traceable to such an exchange.  On May 26, 2022, Mr. Hester filed a verified claim (Doc. 10) to the defendant property.  Accordingly Mr. Hester was required under Supplemental Rule G(5)(b) of the Federal Rules of Civil Procedure to file an answer to the complaint by no later than June 16, 2022.  Instead of doing so, Mr. Hester filed a motion (Doc. 12) on June 17, 2022 asking that his previously-filed verified claim be accepted as his answer.  Mr. Hester also simultaneously filed an untimely answer and asked in the

1

alternative that it be accepted as timely filed.[1]  Because Mr. Hester filed an answer contemporaneously with the motion and the Government informed the Court via email that it did not object to the filing, the Court entered a text-only docket order finding Mr. Hester's motion moot.

On June 24, 2022, the Government filed a motion to compel Mr. Hester to provide a more definite answer.  In a nutshell, the Government's grievance is that none of the documents Mr. Hester filed comply with Rule 8's pleading requirements for answers.  The Court agrees with the Government on this point.

Rule 8 requires, among other things, that unless a party "intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds," then it "must either specifically deny designated allegations or generally deny all except those specifically admitted." *See* Fed. R. Civ. P. 8(b)(3).  The Rule further requires that "[a] denial must fairly respond to the substance of the allegation," *id.* at 8(b)(2), and "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." *Id.* at 8(b)(4).  In summary, a responsive pleader must make a good faith effort to admit allegations it believes to be true and to deny allegations it believes to be false; and where it lacks sufficient knowledge or information to form a belief one way or another, it must say so.  *See id.* at 8(b)(5).  These rules are not arbitrary procedural burdens imposed for their own sake.  Rather, they serve to streamline the proceedings and bring into focus the central areas of contention going forward:

---

[1] Confusingly, Mr. Hester simultaneously made several different filings purporting to be his answer.  The document attached as an exhibit to his motion is styled as an "Answer and Jury Trial Demand," but otherwise appears identical to his previously-filed verified claim.  *Compare* Doc. 12-1 *with* Doc. 10.  The same is true for the document that Mr. Hester caused to be filed at Doc. 13.  However, Mr. Hester also filed an additional document at Doc. 14 which is styled as his "Amended Answer," and which is not identical in content to his verified claim.

> As has been noted in many judicial opinions, the theory of Rule 8(b) is that [an answer] should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail.

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1261 (4th ed. 2022).

None of the documents filed by Mr. Hester thus far satisfy Rule 8(b). Starting with Mr. Hester's verified claim: as a threshold matter, it should be noted that Supplemental Rule G(5)(b) expressly requires claimants to file their answers to the complaint as separate documents from their verified claims. But even if that were not so, the form and content of his verified claim do not comply with the Federal Rules' requirements for answers.

Mr. Hester's verified claim generally denies that the defendant property "was properly seized as per 18 USC 981, 983, 985 or 21 USC 881," and alleges that some unspecified portion of the defendant property was the result of lump sum payments received by him and his girlfriend from their former employers. *See* Doc. 10, ¶¶ 4–5. His claim also states that "[t]he Defendant denies each and every claim not specifically admitted to in this Response."[2] *Id.* at ¶ 7. However, Mr. Hester's claim does not expressly admit or deny, or even reference, any particular paragraphs in the Government's complaint. This effectively results in the denial of various allegations in the Government's complaint which the Court simply does not believe Mr. Hester could possibly have intended to deny in good faith. For example: surely Mr. Hester does not deny in good faith that the Drug Enforcement Administration has seized and attempted to administratively forfeit the defendant property, *see* Doc. 2-1, ¶ 51, or that Mr. Hester was present in the vehicle that was

---

[2] Presumably Mr. Hester's reference here to "Defendant" is intended to indicate himself, although technically Mr. Hester is a claimant in this forfeiture action and the defendant is the $34,918 in United States currency.

3

carrying the defendant property at the time of the traffic stop which led to the property's seizure, *see id.* at ¶ 3. The Court presently does not see why Mr. Hester would even have filed his verified claim in the first place unless such facts were true. And yet, if his verified claim were taken at face value, these facts would appear to be denied. *See* Doc. 10, ¶ 7[3] ("The Defendant denies each and every claim not specifically admitted to in this Response.").

The answer that Mr. Hester filed at Doc. 14 is similarly defective. In relevant part, it states that "Defendant[4] denies each and every allegation made in the Affidavit attached to the complaint," and that "Defendant denies allegations 1-54 of the affidavit." (Doc. 14, ¶ 5). Here again, this would apparently entail a denial that the defendant property was ever even in Mr. Hester's possession and taken from him, in which case Mr. Hester would likely have no basis to claim the property that is the subject of this action.

It seems clear to the Court that much confusion would be eliminated if Mr. Hester were to file an answer containing separately numbered paragraphs corresponding to the separately numbered paragraphs in the Government's complaint and attached affidavit, with each paragraph in Mr. Hester's answer specifically admitting, denying, admitting in part and denying in part, or stating that he lacks sufficient information to admit or deny, the allegations contained within the corresponding paragraph of the Government's complaint and attached affidavit. Accordingly, Mr. Hester will be ordered to do that, as his present filings do not comply with the requirements of Rule 8(b).

---

[3] Mr. Hester's verified claim actually contains two consecutive paragraphs numbered "7," and does not contain any paragraph numbered "3."

[4] Again, presumably Mr. Hester is the intended referent here, although he is the claimant rather than the defendant.

IT IS THEREFORE ORDERED that the Government's motion to compel claimant Christopher Hester to provide a more definite answer and brief in support (Doc. 16) is GRANTED. Mr. Hester is ordered to file an amended answer that conforms to the pleading standards discussed herein by no later than July 26, 2022.

IT IS SO ORDERED this 12th day of July, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE