UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF

v.                          Case No. 2:22-cv-2063

$34,918 UNITED STATES CURRENCY                          DEFENDANT

CHRISTOPHER HESTER                                       CLAIMANT

## OPINION AND ORDER

Before the Court is Claimant Christopher Hester's motion (Doc. 47) to dismiss this forfeiture case for lack of prosecution. The government has responded in opposition (Doc. 48). For the reasons stated below, Mr. Hester's motion will be DENIED.

### I.      Background

The defendant currency was seized from Mr. Hester's vehicle on November 2, 2021, after which the government initiated administrative forfeiture proceedings. (Doc. 2-1, p. 6). On January 19, 2022, Mr. Hester appeared in the administrative forfeiture proceedings and claimed ownership of all the currency. *Id.* On April 19, 2022, the government filed a complaint for forfeiture of the currency in this Court. (Doc. 2). The parties participated in discovery until August 5, 2022, when the government filed a motion to strike Mr. Hester's answer due to the insufficiency of his supplemental discovery responses. (Doc. 22). After being granted an extension, Mr. Hester responded to the government's motion on September 1, 2022, attaching evidence in support of his claim. (Doc. 24). The Court ultimately granted the government's motion on September 19, 2022, finding that Mr. Hester's supplemental discovery responses were inadequate. (Doc. 26).

Mr. Hester appealed this decision on September 22, 2022. (Doc. 32). Ultimately, the Eighth Circuit held that Mr. Hester had been given insufficient notice of the consequences of his

1

inadequate responses. *United States v. $34,918*, 70 F.4th 1058 (8th Cir. 2023).  The Eighth Circuit's mandate came down on August 4, 2023.  (Doc. 36).  In its decision, the Eighth Circuit noted that this Court's order "solidified which requested information" Mr. Hester needed to provide to the government. *$34,918*, 70 F.4th at 1064.  Accordingly, the Eighth Circuit said, "[a]ny future failure to respond as the district court directs could" constitute a failure to comply, which in turn could justify striking Mr. Hester's answer. *Id.*

Upon the return of this case to this Court, there was evidently some confusion as to the appropriate next steps.  The Eighth Circuit's mention of "future failure to respond as the district court directs" may have led the parties to believe that the Court would take action sua sponte on remand.  Meanwhile, the Court prioritized other matters on the assumption that the parties would either continue discovery on their own or file renewed motions.  When no such action was forthcoming for several months, the Court ordered additional discovery sua sponte on January 25, 2024. (Doc. 39).  Mr. Hester duly responded on February 26, 2024.  (Doc. 41).  The Government indicated to the Court that it did not intend to take additional action based on the new discovery. The Court then endeavored to determine whether Mr. Hester's response was so deficient as to warrant the striking of his claim.  Ultimately, without further action from either party and seeking to resolve the matter expeditiously on the merits, the Court entered a new scheduling order on June 20, 2024.  (Doc. 46).  Mr. Hester filed his motion to dismiss the next day.  (Doc. 47).

## II.    Legal Standard

As the government correctly points out, while the motion is styled as one to dismiss for lack of prosecution, it substantively focuses on Mr. Hester's due process rights.  Dismissal for lack of prosecution in a civil case is governed by Federal Rule of Civil Procedure 41(b), while dismissal of a forfeiture proceeding for a violation of due process is governed by *United States v. $8,850*,

461 U.S. 555 (1983).  Out of an abundance of caution, the Court will analyze Mr. Hester's claim under both the *$8,850* and Rule 41(b) standards.

Courts applying *$8,850* consider four factors: "length of delay, the reason for the delay, the [claim]ant's assertion of his right, and prejudice to the [claim]ant."  461 U.S. at 564.  "[N]one of these factors is a necessary or sufficient condition for finding unreasonable delay.  Rather, these elements are guides in balancing the interests of the claimant and the Government to assess whether the basic due process requirement of fairness has been satisfied in a particular case."  *Id.* at 565.  By contrast, dismissal for failure to prosecute under Rule 41(b) *requires* "a clear record of delay or contumacious conduct by the plaintiff" and "should only be used when lesser sanctions prove futile."  *Bergstrom v. Frascone*, 744 F.3d 571, 575 (8th Cir. 2014).

### III.    Analysis

#### a.  Due Process

The Court will consider the four *$8,850* factors in turn.

The first factor, length of delay, favors Mr. Hester.  Mr. Hester correctly points out that it has been 3 years since the initial stop and nearly a year since the mandate of the Eighth Circuit came down in this matter.  This is certainly not an insignificant length of time to be deprived of a significant sum of money.

The second factor, the reason for the delay, tempers the first one.  The government initiated administrative forfeiture proceedings within three months of the original seizure, and it filed this case in this Court 90 days after Mr. Hester's appearance in the administrative proceedings.  (By contrast, the claimant in *$8,850* had to wait 18 months between requesting the return of her money and the government filing a complaint for forfeiture.  461 U.S. at 566.)  After the case was filed in this Court, much of the elapsed time was accounted for by discovery litigation, delays attributable

3

in part to Mr. Hester, and the appeal Mr. Hester initiated.

Besides noting the time elapsed since the seizure, Mr. Hester's motion points to the relative dearth of docket activity since the Eighth Circuit issued its mandate. He lays the blame for the delay entirely at the government's feet. (Doc. 47, p. 3). However, the Court is more inclined to attribute this delay to uncertainty between it and the parties as to who would or should make the next move. To be sure, the government could have taken any number of steps to advance the case. It could have filed additional motions or promulgated additional discovery, and either party could have requested a scheduling conference or the entry of a new scheduling order. But the government's lack of action here was at least understandable under the circumstances, and other courts have excused delays over twice as long as this one which were not explained at all. *See, e.g.*, *United States v. 93 Firearms*, 330 F.3d 414, 426 (6th Cir. 2003) (five-year delay of which only three years were justified not enough to establish a due process violation). Therefore, the Court concludes that the delay was, for the most part, adequately supported by legitimate reasons.

The third factor, the claimant's assertion of his right, slightly favors Mr. Hester. Mr. Hester has been diligent in pursuit of his claim and has not ignored any court orders. However, like the government, he did not take any proactive steps to move the case forward after the mandate issued.

The fourth and final factor is prejudice to Mr. Hester. "The primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence." *$8,850*, 461 U.S. at 569. Mr. Hester notes that banks are only required to keep check and deposit records for five years and that the relevant transactions in this matter date back to 2017. However, this means that destruction of the relevant records could have begun as early as 2022, shortly after the November 2021 seizure itself and while the case was still being actively litigated. In other words, due to the amount of time that

passed between the relevant transactions and the seizure, the bank records were at risk of destruction almost from the moment of the seizure itself.  A diligent claimant would therefore have made a priority of gathering the relevant records as early as possible.  If Mr. Hester was unable or unwilling to do so, it is unclear how the delays in this case would be to blame.[1]

Mr. Hester also argues that he "has been deprived of his financial security for over three years[,] which has given [him] continuous anxiety and anguish."  (Doc. 47, p. 3).  In *$8,850*, the Supreme Court held that "[b]eing deprived of this substantial sum of money for a year and a half is undoubtedly a significant burden."  461 U.S. at 565.  However, the Supreme Court used this language when describing the first factor (length of delay), not the fourth factor (burden on the claimant).  Its discussion of the fourth factor makes clear that the primary measure of prejudice is "whether the delay has hampered the claimant in presenting a defense on the merits."  *Id.* at 569.  Therefore, while the Court does not doubt that the loss of these funds constitutes a hardship to Mr. Hester, it is unable to find a due process violation on this basis alone.

Weighing the four factors together, the Court concludes that Mr. Hester's due process rights have not been violated.  The nature and effect of the delays here have not been so extreme as to run afoul of the Fifth Amendment.  Therefore, while the Court expects all parties going forward to proceed in a diligent manner, it will not dismiss the case on this basis.

b. *Rule 41(b)*

As noted above, dismissal with prejudice under Rule 41(b) requires "a clear record of delay or contumacious conduct by the plaintiff[.]"  *Bergstrom*, 744 F.3d at 575.  The Court does not

---

[1] Additionally, Mr. Hester does not assert that any relevant records have actually been destroyed.  A five-year recordkeeping requirement does not preclude a bank from keeping records for longer than five years, and presumably banks which operate on digital systems do not need to destroy old records very often.

believe that the government's contribution to the delay in this case is "clear" from the record or that it has engaged in contumacious conduct.[2]   Accordingly, dismissal under rule 41(b) is improper.

### IV.   Conclusion

IT IS THEREFORE ORDERED that Mr. Hester's motion (Doc. 47) is DENIED.  The parties are to proceed with litigation.

IT IS SO ORDERED this 7th day of August, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[2] "Contumacious conduct" is the "willful disobedience of a court order."  *Contumacious Conduct*, BLACK'S LAW DICTIONARY (12th ed. 2024).